UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG

ANDREW SAMUEL COON,

    Plaintiff,

v.                                 Case No. 6:11-cv-00656

DARLENE FAY COON,

    Defendant.

### PROPOSED FINDINGS AND RECOMMENDATION

On September 23, 2011, the plaintiff, proceeding *pro se*, filed a complaint in which he asks the court for "a Civil Judgment of 500,000 for perjury, false testimony and subsequently causing the violation of my right to habeas corpus, for breach of contract, loss of personal property." (Complaint, ECF No. 2, at 2.) He alleges that in 2003, the defendant falsely accused the plaintiff of domestic battery; she is currently withholding the proceeds of a savings bond; and in 2009, she filed a complaint charging him with grand larceny and burglary. *Id.* at 1-2.

This case is assigned to the Hon. Joseph R. Goodwin, Chief Judge, and referred to the undersigned by Standing Order for submission of proposed findings and recommendation for disposition. (ECF No. 4.) For reasons set forth below, this case should be dismissed with prejudice and the plaintiff's application to proceed without prepayment of fees and costs should be denied.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), in a case where a plaintiff seeks to proceed without prepayment of fees, the court shall dismiss the case at any time if the court

determines that the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory.  Denton v. Hernandez, 504 U.S. 25 (1992).  A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Rule 8(a) of the Federal Rules of Civil Procedure sets forth the requirements for stating a proper claim for relief: "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." *Fed. R. Civ. P.* 8(a) (2011).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 562-563)); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007).  Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ."  Twombly, 550 U.S. at 555.  It is now settled that "a formulaic recitation of the elements of a cause of action will not do." Id.  The complaint need not, however, "make a case" against a defendant or even "forecast evidence sufficient to prove an element" of the claim.  Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).  Instead, the opening pleading need only contain

"[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Stated another way, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

The court must "'accept as true all of the factual allegations contained in the complaint . . . .'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quoting Twombly, 550 U.S. at 555); see also South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). The court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

A complaint must also demonstrate the grounds for the federal court's jurisdiction. Because the plaintiff is proceeding pro se, the court is obliged to construe her pleadings liberally. Haines v. Kerner, 404 U.S. 519, 521 (1972). Nevertheless, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with the plaintiff. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). A district court may dismiss a matter at any time if it appears that the court lacks subject matter jurisdiction. See, e.g., Linville v. Price, 572 F. Supp. 345 (S.D. W. Va. 1983).

The plaintiff's complaint has no short and plain statement of the court's jurisdiction. The undersigned can discern no basis for subject matter jurisdiction. The parties are citizens of the same State; thus diversity of citizenship does not exist. The plaintiff is complaining that his habeas corpus rights have been violated, but he is not seeking relief from any criminal judgment. The defendant is clearly not a State actor, for the purpose of a claim arising under 42 U.S.C. § 1983. The undersigned proposes

3

that the presiding District Judge **FIND** that this court lacks subject matter jurisdiction over the plaintiff's claims against this defendant.

### Recommendation

It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS,** with prejudice**,** the plaintiff's complaint (ECF No. 2) under 28 U.S.C. § 1915(e)(2)(B), and **DENY** the plaintiff's Application to Proceed Without Prepayment of Fees (ECF No. 1).

### Notice

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

<u>October 24, 2011</u>

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge